Submitted May 4, remanded for resentencing; otherwise affirmed June 13, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTHONY JAMES CALHOUN,
*Defendant-Appellant.*

Marion County Circuit Court
10C44232; A147097

280 P3d 1046

Kenneth A. Kreuscher and Portland Law Collective, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of one count each of unlawful possession of methamphetamine (Count 1) and driving under the influence of intoxicants, (Count 2). On Count 1, the trial court imposed an upward dispositional departure sentence of six months in jail with 12 months' post-prison supervision on the basis of two enhancement facts—*viz.*, "prior sanctions not deterring [defendant's] conduct" and "the harm was potentially much greater than is typical." On appeal, defendant contends that the court erred in imposing a departure sentence on Count 1 because the state failed to provide notice of the sentence-enhancement facts as required by ORS 136.765 (2009), *amended by* Or Laws 2011, ch 267, § 1, which provided:

> "In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:
>
> "(1) Pleading the enhancement fact in the accusatory instrument; or
>
> "(2) Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."

The state concedes that it failed to provide the required notice in this case. We agree and accept the state's concession. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.